In The United States District Court
For The Middle District Of Alabama

Wallace Rivers,
petitioner,

vs.

Grant Culliver, Warden,
And State of Alabama,
respondents.

Civil Action number:
1:05cv1194-T

Petition For Writ of Habeas Corpus,
Brief And Argument

Petitioner Wallace Rivers, pursuant to U.S.C. Section 2254, seeks a writ of habeas corpus for relief from his unconstitutional obtained disproportionate or otherwise unauthorized sentence and states:

1. Petitioner is presently in the custody of the Alabama Department of Corrections and is confined at the state prison of W.C. Holman Correctional Facility located in Atmore, Alabama.

2. Petitioner is presently unconstitutionally detained and imprisoned at W.C. Holman state prison by Grant Culliver, warden by virtue of a judgment and sentence of life without parole, pronounced

1.

by the Honorable Jerry M. White, Circuit Court Judge of Houston County, Alabama, on December 16, 1980 and April 23, 1981, for the conviction by jury trial of murder and sentence of life without parole as an Habitual Felony offender under former section 13A-5-9,(C)(3), (Code Ala. 1975).

3. Petitioner has exhausted all adequate and currently available state remedies in the following manner:

a). On March 7, 2005, petitioner filed his most recent petition for relief from his illegal sentence pursuant to Rule 32.1(b) and (c), (Ala. R. Cr. P.) and alleged that: 1) the court was without jurisdiction to improperly impose the sentence contrary to state law, and 2) the sentence improperly and unreasonably exceeds the maximum authorized by law or is otherwise not authorized by law, contrary to state law. The petitioner's petition was denied on April 6, 2005 by the circuit court as successive and in excess of the statute of limitations contrary to state law. Thus, petitioner timely filed notice of appeal and was affirmed by the Alabama Court of Criminal Appeals, and certiorari was denied by the Alabama Supreme Court.

4. Petitioner is imprisoned pursuant to an illegal and void sentence because the Habitual Offender Act,

2.

section 13A-5-9,(c)(3), supra, actually improperly caused a disproportionate or unauthorized, cruel, inhuman, and unusual sentence in view of the crime committed and as compared with other defendants similarly situated, contrary to federal law and in violation under the eighth and fourteenth Amendments of the united states constitution for the following reasons:

a). specifically, the trial court committed fatal reversible error when it improperly and unreasonably decided to resentence the petitioner to an excessive prison term of life without parole; however, without the HFOA actually being invoked prior to the original sentencing hearing, contrary and in violation under federal and state laws. Therefore, the court was without jurisdiction over section 13A-5-9, supra to impose the sentence contrary to law. See a copy of the new sentencing hearing transcript conducted by the trial court on march 17, 1981 attached hereto and marked as petitioner's Exhibit I (R. 265-267).

b). specifically, the new sentence was the improper and unreasonable result of the HFOA not actually being invoked on any written motion filed on the behalf of the district attorney, however, prior to

3.

the original sentencing hearing and over objections made by petitioner's counsel at the new hearing specifically alleging in opposition that he should not have been sentenced under the HFOA because the state failed to invoke said Act and he was not ever advised that he could be sentenced to life without parole under the HFOA prior to the original sentencing hearing. See exhibit I attached at (R. 366).

5. All the above prejudiced and violated the substantial rights of the petitioner and resulted in a fatal miscarriage of justice.

6. Based on all the above herein stated reasons the petitioner is entitled to have his case reversed for a new resentencing proceeding as a first offender, because the new resentencing hearing record shows that he actually should not have been resentenced under the HFOA to life without parole pursuant to his class A murder conviction.

7. Petitioner is imprisoned pursuant to a sentence that is clearly illegal and void for the reasons presented above and those set forth in the brief and argument in support of the petition for habeas corpus as set out herein below and in his exhibit attached hereto,

4.

all of which are incorporated by reference herein. Wherefore, petitioner respectfully requests:

1. That respondents be required to appear and properly answer the jurisdictional allegations of this petition.
2. That after full and fair consideration this court relieve petitioner of the unlawful and unconstitutional restraint on his liberty by issuing a writ of habeas corpus.
3. That this court declare petitioner's sentence illegal and void.
4. That this court, if necessary, grant an evidentiary hearing.
5. That this court grant such other, further and different relief as it may deem just and proper.

Respectfully submitted
Wallace Rivers
Wallace Rivers, #106459

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on November 22, 2005.

Wallace Rivers
Signature of petitioner

Thus, petitioner's brief in support follows:

5.

## I. Statement of The Case And Facts

On December 16, 1980, the petitioner was convicted by a jury trial of murder section 13A-6-2, (Code Ala. 1975), in the circuit court of Houston County, Alabama. Specifically, the record shows that counsel failed to file any written motion necessary to properly invoke the presentence investigation statute under section 13A-5-47(b), (Code Ala. 1975), together with his oral request contrary to state law. Williams v. State, 601 So. 2d 1062 (Ala. Crim. App. 1991). See a copy of the original sentencing transcript conducted by the trial court on December 16, 1980 attached hereto and marked as petitioner's Exhibit II, all of which is incorporated by reference herein. The record further shows that the state failed to file any type of written motion invoking the sentencing provisions of the HFOA section 13A-5-9, (C)(3), (Code Ala. 1975); and the state also failed to present any type of evidence necessary to prove any prior felony convictions of petitioner for use of enhancement of his sentence, contrary to federal and state law. See exhibit II attached. At pages (R. 255-256). Thus, petitioner's oral request could not have been used by the state to invoke the HFOA statute because it would cause a violation of separation of power by altering or amending the presentence investigation statute contrary to state law. Williams v. State, supra. The

6.

sentencing proceedings was continued.

On January 13, 1981, the trial court sentenced petitioner to a prison term of life without parole pursuant to his class A murder conviction contrary to federal and state law. On February 12, 1981, counsel for petitioner timely filed a motion for new sentencing hearing alleging in opposition that the state failed to properly invoke the HFOA on any written motion and as a result petitioner actually was not advised prior to the original sentencing hearing that he could be sentenced under said HFOA. On March 17, 1981, the trial court granted said motion for a new sentencing and the record shows that counsel specifically alleged in opposition on the record that, "And I don't believe ... he was advised or has ever been advised that he could be sentenced under that Habitual offender Act. And, we filed the motion on that condition, that he shouldn't have been sentenced on the Habitual offender Act." See exhibit I attached hereto. The record further shows that the state admitted that, "whether written notice has to be — it doesn't say. I don't know what the supreme court's interpretation is. If that is true, it might be necessary to have another sentencing hearing." See exhibit I attached hereto. The record further shows that the court found the state in fact actually failed to file any required written motion necessary to invoke the sentencing provisions

7.

of the HFOA and did not give petitioner any written notice of it intent to invoke the HFOA prior to the original sentencing hearing or sentencing. See exhibit I attached hereto. Further, the record shows that the trial court erred when it vacated petitioner's sentence for the purpose of filing a written motion invoking the HFOA at the new sentencing hearing contrary to federal and state law, instead of properly ordering him to be resentence as a first offender as required by federal and state law. On April 23, 1981, the court erred when it improperly and unreasonably resentenced the petitioner to life without parole under the HFOA contrary to federal and state law and for which he should not have been sentenced and it caused a resulting disproportionate, excessive cruel and unusual sentence and miscarriage of justice. See exhibit I attached hereto.

8.

## II. Standard of Review

1. The federal court for the middle district of the state of Alabama stated the standard of review to be applied to a state court adjudication in Carter v. Charlie Jones, et al, [civil action no. 02-D-356-N, march 28, 2002], ___ F. Supp. ___ (M.D. Ala. 2002):

> "... the state court adjudication resulted in a decision that (1) 'was contrary to ... clearly established federal law, as determined by the supreme court of the united states; or (2) 'involved an unreasonable application ... of clearly established federal law, as determined by the supreme court of the united states.'"

2. Allegations that a sentence exceeds the maximum contrary to federal law is jurisdictional and not barred by the statute of limitations, thus, there is no statute of limitations on an eighth amendment claim. Leja v. Stewart, 134 F.3d 1368, 1373-74 (9th cir. 1998); see also, Bartone v. U.S., 375 U.S. 52, 84 S. Ct. 21, 11 L. Ed. 2d 11 (1963).

9.

## III. Summary of The Arguments

Petitioner alleges in opposition that the trial court improperly and unreasonably exceeded its jurisdiction to impose petitioner's resulting disproportionate, excessive, cruel and unusual life without parole sentence pursuant to his Class A conviction contrary to federal law and resulted in a miscarriage of justice because the HFOA, Section 13A-5-9(c)(3), supra, was not invoked on any written motion filed by the state prior to the original sentencing hearing or sentencing contrary to law. He alleges that he timely objected and requested to be properly resentenced as a first offender to life or not more than 99 years or less than 10 years because the HFOA sentencing provisions was not invoked in that his original resulting life without parole sentence actually caused cruel and unusual punishment in violation under the eighth Amendment of the United States constitution. Therefore, he alleges that the court exceeded its jurisdiction to impose the sentence and he should not have been improperly and unreasonably resentence over his objections to life without parole under the said HFOA contrary to law. Thus, he is entitled to have the sentence vacated, set aside or reversed for new sentencing, because the resulting sentence is illegal and void.

10.

## IV. Statement of The Claim And Argument

1. Whether, the life without parole sentence imposed, however, caused an illegal and void disproportionate, excessive or unauthorized cruel, inhuman, and unusual sentence pursuant to petitioner's class A conviction, contrary to federal law, because the HFOA was not properly invoked on any written motion filed by the state prior to the original sentencing hearing or sentencing, as required by law? Petitioner answers yes.

2. ## Argument

It is well-settled law that a sentence must be proportionate to the crime committed, and if the HFOA statute is invoked on motion filed by the state prior to the original sentencing hearing or sentencing it must be proportionate to that statute provided it was actually invoked on motion filed by the state prior to the original sentencing hearing or sentencing as required by law. Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983); see also United States v. Olson, 716 F.2d 850 (1983). Solem v. Helm and United States v. Olson established that a trial court is deprived of juris-

11.

diction to impose a sentence under the HFOA and a life without parole sentence is disproportionate, excessive or unauthorized cruel and unusual punishment, if said Act was not properly invoked by the state filing a required motion prior to a original sentencing hearing or sentencing of a criminal defendant. Solem v. Helm, supra; see also United States v. Olson, supra.

The trial court in the instant case improperly sentenced petitioner to life without parole without the HFOA statute being invoked on motion by the state prior to his original sentencing hearing or sentencing which prejudiced him and caused a illegal, disproportionate, excessive cruel and unusual sentence pursuant to his class A conviction which carries only a maximum life sentence and violated his substantial constitutional rights and was improper because the requirements of Solem v. Helm, supra and United States v. Olson, supra, and the case law of the federal courts were not reasonably satisfied by the trial court when it imposed petitioner's sentence. Consequently, petitioner's sentence must be reversed by this Honorable court for the following reasons:

The original record of the new sentencing hearing proceedings against the petitioner presented shows to be completely devoid of any alleged motion

12.

filed by the state invoking the HFOA prior to his original sentencing hearing or sentencing and the state openly "admitted" at the new hearing that it actually did not file it and shows non-compliance with <u>Solem v. Helm</u> and <u>United States v. Olson</u> and numerous other cases concerning this issue.

Petitioner's sentence of life without parole was not imposed within the proper sentencing range for murder. Because the HFOA was not invoked and under section 13A-6-2, supra, murder is a class A felony which under section 13A-5-6, (Code Ala. 1975) has a sentencing range of between life or not more than 99 years or less than 10 years imprisonment. Therefore, the trial court did not have lawful jurisdiction to impose petitioner's sentence contrary to federal law.

For all the above herein stated reasons petitioner's said sentence and record are fatally deficient and void, therefore, it cannot support a resulting or continuing sentence of life without parole.

## Conclusion

Relief Requested:

Wherefore, based on the above grounds and reasons, the petitioner prays that this Honorable court vacate, set aside or reverse petitioner's illegal and unauthorized sentence of life without

13.

parole.

Respectfully Submitted
Wallace Rivers
Wallace Rivers
#106459
Holman unit 3700
Atmore, Ala.
36503-3700

14.